United States District Court
For the Northern District of California

1
2
3
4
5
6
7                   IN THE UNITED STATES DISTRICT COURT

8                FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                           SAN JOSE DIVISION

10   LUPE SUBEGA,                        CASE NO. 5:10-cv-05025 EJD

11                                       **ORDER GRANTING MOTION TO**
                   Plaintiff(s),         **CONSOLIDATE**
12       v.

13   INTEL CORPORATION,
                                         [Docket Item No. 12]
14
                   Defendant(s).
15   _____/

16   LUPE SUBEGA,                        CASE NO. 5:11-cv-00722 EJD

17
                   Plaintiff(s),
18       v.

19   INTEL CORPORATION,

20
                   Defendant(s).
21   _____/

22       Through this motion,[1] Plaintiff Lupe Subega ("Plaintiff") seeks to consolidate the above-

23   entitled case against her former employer, Defendant Intel Corporation ("Defendant"), with another

24   case she subsequently filed against Defendant, namely case number 5:11-cv-00722 EJD.[2]  Since the

25   court finds this matter appropriate for determination without oral argument pursuant to Civil Local

26   _____

27           [1] This disposition is not intended for publication in the official reports.

28           [2] In line with the references attributed by the parties, the court will herein refer to case
     number 5:10-cv-05025 EJD as Subega I and case number 5:11-cv-00722 EJD as Subega II.

                                              1
     CASE NO. 5:10-cv-05025 EJD
     ORDER GRANTING MOTION TO CONSOLIDATE

Rule 7-1(b), the hearing previously scheduled for October 7, 2011, is vacated.  For the reasons

explained below, Plaintiff's motion to consolidate will be granted.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a former employee of Defendant.  On November 5, 2010, Plaintiff filed a class

action complaint against Defendant on behalf of herself and other similar employees for violations

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq., and related California Labor

Codes based on allegations that Defendant failed to pay overtime wages (Subega I).  <u>See</u> Complaint,

Docket Item No. 1, in Subega I.  She thereafter amended the Complaint to remove the class-action

allegations, leaving only Plaintiff's personal claims against Defendant.  <u>See</u> Amended Complaint,

Docket Item No. 8, in Subega I.

On February 16, 2011, Plaintiff filed another lawsuit against Defendant, this time raising

state law claims for wrongful termination and retaliation (Subega II).  <u>See</u> Complaint, Docket Item

No. 1, in Subega II.  Plaintiff alleged in that Complaint that federal subject matter jurisdiction

existed over the subsequent case based on diversity of the parties.  <u>See id</u>.  Approximately one

month later, Defendant filed a motion to dismiss Subega II pursuant to Federal Rule of Civil

Procedure 12(b)(1) since the parties were, in fact, not diverse.  <u>See</u> Docket Item No. 9 in Subega II.

For her part, Plaintiff filed the instant consolidation motion on March 28, 2011.  <u>See</u> Docket

Item No. 12 in Subega I.  Defendant filed written opposition.  <u>See</u> Docket Item No. 16 in Subega I.

Plaintiff then amended the Complaint in Subega II to add a claim for retaliation under the FLSA,

rendering moot Defendant's motion to dismiss.  <u>See</u> Docket Item No. 12 in Subega II.  That motion

was subsequently withdrawn.

On August 17, 2011, the parties submitted a stipulation and proposed order to consolidate

Subega I and Subega II.  <u>See</u> Docket Item No. 28 in Subega I, Docket Item No. 21 in Subega II.  The

court declined to issue an order pursuant to the stipulation on August 19, 2011, due to the pendency

of the motion to dismiss.  As that motion is no longer before the court, however, it is now

appropriate to address the issue of consolidation.

## II.   DISCUSSION

The district court may consolidate actions involving common questions of law and fact.  Fed.

CASE NO. 5:10-cv-05025 EJD
ORDER GRANTING MOTION TO CONSOLIDATE

R. Civ. P. 42(a)(2).  The court exercises "broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."  Morin v. Turpin, 778 F. Supp. 711, 733 (S.D.N.Y 1991) (citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1471, at 359 (1971)).  In exercising this discretion, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."  Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984).  "Even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate."  See In re Consol. Parlodel Litig., 182 F.R.D. 441, 447 (D.N.J.1998).  The moving party bears the burden of showing consolidation is appropriate. Id.

To meet her burden, Plaintiff argues consolidation is appropriate based on certain characteristics she finds common to Subega I and Subega II.  First, Plaintiff points out that both lawsuits involve identical parties.  Second, Plaintiff contends that the "foundational issues," identified as "whether [Plaintiff] worked uncompensated overtime" and "whether [Defendant] knew that she was working overtime," are equally identical in both cases.  Third, Plaintiff contends the defenses raised in each case would be based on the same legal principles and would require the same legal inquiry.  Based on this, she concludes that consolidation would prevent the need for duplicative litigation and avoid the possibility of inconsistent determinations.

Defendant initially objected to consolidation, although its position may have been altered in light of the parties' stipulation.  The court nonetheless describes Defendant's objection to the extent they are still viable.  In contrast to Plaintiff's claim of similar "foundational issues," Defendant makes clear that Subega I and Subega II raise distinct legal claims.  To be sure, Subega I alleges a violation of the FLSA as well as violations of state labor laws relating to failure to pay overtime wages, while Subega II invokes state laws whose purpose is to prevent retaliation and wrongful termination.  Similarly, Defendant argues there are no common issues of fact between the two lawsuits.  Subega I will require an examination of Defendant's off-the-clock and overtime policies; Subega II will require inquiry into the events surrounding Plaintiff's ultimate termination.  As such, Defendant believes each case will require different discovery efforts and will result in confusion and

CASE NO. 5:10-cv-05025 EJD
ORDER GRANTING MOTION TO CONSOLIDATE

1    prejudice to Defendant if they are consolidated.

2          Having reviewed both cases and arguments presented for and against consolidation, the court

3    finds Plaintiff's position persuasive.  Subega I and Subega II involve the same parties, the same

4    counsel, and generally involve the same issues related to Plaintiff's employment with Defendant.

5    For this reason, there will be significant overlap in the witnesses that must be examined and the

6    documentary information that must be obtained for both cases.  Moreover, there are similar legal

7    principles raised in each case.  If combined, the resources of the parties and indeed the court can be

8    more efficiently utilized.  And since Defendant's subsequent actions suggest it no longer opposes

9    consolidation, the economy which will come from consolidation outweighs any delay, confusion or

10   prejudice previously identified by Defendant.

11         Since the factors weight in favor of consolidation, Plaintiff's motion will be granted as stated

12   below.  As a product of this result, Plaintiff's companion request for the exercise of supplemental

13   jurisdiction will also granted as to those state law claims presented by Subega II.

### III.   ORDER

15   Based on the foregoing:

16   1.      The hearing scheduled for October 7, 2011, is VACATED.

17   2.      Plaintiff's Motion to Consolidate and her request for the exercise of

18   supplemental jurisdiction are GRANTED.  The Clerk of the Court shall consolidate case numbers

19   5:10-cv-05025 EJD and 5:11-cv-00722 EJD such that the earliest-filed action, 5:10-cv-05025 EJD,

20   is the lead case.  Since the later action is subsumed by the earlier, the Clerk shall administratively

21   close 5:11-cv-00722.

22   3.      On or before October 19, 2011, Plaintiff shall file a Third Amended Complaint in

23   light of the consolidation.  Defendant shall file an answer or otherwise respond no later than 21 days

24   from the filing of the Third Amended Complaint.  The court will imminently issue a separate order

25   addressing further scheduling issues.

26   //

27   //

28   //

**United States District Court**
For the Northern District of California

4

1      4.      A copy of this order shall be filed in Subega I and Subega II.

2   **IT IS SO ORDERED.**

3

4   Dated:  October 5, 2011



5                                                    EDWARD J. DAVILA
                                                     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5

CASE NO. 5:10-cv-05025 EJD
ORDER GRANTING MOTION TO CONSOLIDATE